UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TARIK GORFTI,

                       Plaintiff,

      -against-

THE CITY OF NEW YORK; ORQUUIDE
GENAO; MARIANELLA LARA; WILLINGTON
FELIZ; and JOHN/JANE DOES, Nos. 1-10
(members of the New York City Police Department
whose names are presently unknown to plaintiff),

                       Defendants.
------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

**Jury Trial Demanded**

**ECF Case**

14 Civ. 5049 (PAC) (RLE)

Plaintiff TARIK GORFTI, by his attorney, Robert T. Perry, respectfully alleges as follows:

### NATURE OF ACTION

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Plaintiff also asserts supplemental claims under New York law.

### JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. The Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4. The Court has jurisdiction over plaintiff's supplemental state law claims under 28 U.S.C. § 1367.

5. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to plaintiff's claims occurred in this district.

## JURY DEMAND

6. Plaintiff respectfully demands trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Plaintiff TARIK GORFTI is a resident of Queens, New York.

8. Defendant THE CITY OF NEW YORK ("the City") is, and was at all times relevant herein, a municipal corporation duly organized and existing under the laws of the State of New York. The City maintains the New York City Police Department ("NYPD"), which acts as the City's agent in the area of law enforcement and for which the City is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

9. Defendant ORQUUIDE GENAO (Shield No. 3090) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Genao was a police officer assigned to Transit Division District 2. Defendant Genao is being sued in her individual capacity.

10. Defendant MARIANELLA LARA is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Lara was a police officer assigned to Transit Division District 2. Defendant Lara is being sued in her individual capacity.

11. Defendant WILLINGTON FELIZ is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Feliz was a lieutenant assigned to Transit Division District 2. Defendant Feliz is being sued in his individual capacity.

12. All "John Doe" and "Jane Doe" defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD. The Doe defendants are being sued in their individual capacities.

13. At all relevant times herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties. At all relevant times herein, the individual defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

14. At all relevant times herein, the individual defendants acted jointly and in concert with each other. Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## STATEMENT OF FACTS

15. On Saturday, January 11, 2014, at about 4:06 a.m., inside the subway station at Eighth Avenue and West 14th Street in Manhattan, plaintiff and a friend Samer Al Qabbani lawfully passed through a turnstile using their Metrocards.

16. Defendants Genao, Lara, and Feliz nonetheless approached, stopped, and arrested plaintiff and Mr. Al Qabbani for "jumping the turnstile" and/or "doubling up."

17. Plaintiff and Mr. Al Qabbani each denied jumping the turnstile or doubling up, as they had lawfully passed through a turnstile using their Metrocards.

18. Plaintiff and Mr. Al Qabbani showed their Metrocards to defendants Genao, Lara, and Feliz and urged the police officers to verify that both Metrocards had just been used in the subway station.

3

19. Even though there was a booth attendant on duty who could have verified that both Metrocards had just been used in the subway station, defendants Genao, Lara, and Feliz refused to ask the booth attendant to do so.

20. Plaintiff and Mr. Al Qabbani verbally protested their arrests to defendants Genao, Lara, and Feliz without raising their voices or using inappropriate language.

21. Plaintiff's and Mr. Al Qabbani's protests only seemed to anger defendants Genao, Lara, and Feliz.

22. Defendant Genao or defendant Lara swore at plaintiff and Mr. Al Qabbani, telling them to "shut the fuck up."

23. Defendant Genao or defendant Lara also told plaintiff and Mr. Al Qabbani, in sum and substance, "If she was a man, she would beat them up."

24. Defendant Feliz and defendant Genao or defendant Lara disparaged plaintiff's and Mr. Al Qabbani's national origin, stating, in sum and substance, "Moroccans are animals," "You beat women," and "You cannot do it over here."

25. Plaintiff was handcuffed excessively tightly behind his back.

26. Plaintiff repeatedly asked defendant Genao or defendant Lara to loosen the handcuffs but the defendant refused to do so.

27. Plaintiff and Mr. Al Qabbani were taken to a police area in the subway station at Broadway and Canal Street and later to Central Booking at 100 Centre Street.

28. In connection with plaintiff's and Mr. Al Qabbani's arrests, defendants Genao, Lara, and Feliz conspired to prepare and did prepare a false and misleading police report which they forwarded to the New York County District Attorney's Office ("District Attorney") and conspired to make and did make false and misleading statements to the District Attorney. As a result, the District Attorney decided to prosecute plaintiff and Mr. Al Qabbani.

29. At about 1:00 a.m. on Sunday, January 12, 2014, plaintiff and Mr. Al Qabbani were separately arraigned in New York County Criminal Court.

30. Plaintiff was charged with Theft of Services (N.Y. Penal Law § 165.15(3)), Criminal Trespass in the Third Degree (N.Y. Penal Law § 140.10(a)), and Disorderly Conduct (N.Y. Penal Law § 240.20(3) based on a complaint sworn to by defendant Genao alleging that at about 4:15 a.m. on January 11, 2014 inside the subway station at Eighth Avenue and West 14th Street in Manhattan she observed plaintiff "doubling up" with Mr. Al Qabbani through a turnstile and yelling in substance: "What are you talking about? I swiped my fucking Metrocard. You don't know what the fuck you're talking about." These allegations were false, as plaintiff did not double up with Mr. Al Qabbani through a turnstile, did not yell, and did not use any profanity.

31. Mr. Al Qabbani was charged with Theft of Services (N.Y. Penal Law § 165.15(3)) and Criminal Trespass in the Third Degree (N.Y. Penal Law § 140.10(a)) in a complaint sworn to by defendant Genao also falsely alleging that she observed plaintiff "doubling up" with Mr. Al Qabbani through a turnstile.

32. Plaintiff and Mr. Al Qabbani each pleaded not guilty, as they were entirely innocent of the charges.

33. The District Attorney offered plaintiff and Mr. Al Qabbani an adjournment in contemplation of dismissal but they declined the offer.

34. Plaintiff and Mr. Al Qabbani were released on their own recognizance, after having spent nearly 21 hours in custody.

35. On January 29, 2014, the New York City Transit Authority verified that plaintiff and Mr. Al Qabbani both used their Metrocards on Saturday, January 11, 2014, at about 4:06 a.m., inside the subway station at Eighth Avenue and West 14th Street.

36. On January 31, 2014, the Disorderly Conduct charge against plaintiff was dismissed on motion of the District Attorney.

37. On February 19, 2014, all charges against plaintiff and Mr. Al Qabbani were dismissed on motion of the District Attorney.

38. As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, loss of liberty, physical restraints, and violation of his constitutional rights.

## FIRST CLAIM FOR RELIEF

### (False Arrest Claim Under 42 U.S.C. § 1983)

39. Plaintiff repeats and realleges paragraphs "1" through "38" with the same force and effect as if they were fully set forth herein.

40. Defendants, acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause to believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### (Excessive Force Claim Under 42 U.S.C. § 1983)

41. Plaintiff repeats and realleges paragraphs "1" through "40" with the same force and effect as if they were fully set forth herein.

42. Defendants, acting in concert and within the scope of their authority, used objectively unreasonable force in arresting plaintiff, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## THIRD CLAIM FOR RELIEF

### (Equal Protection Claim Under 42 U.S.C. § 1983)

43. Plaintiff repeats and realleges paragraphs "1" through "42" with the same force and effect as if they were fully set forth herein.

44. Defendants, acting in concert and within the scope of their authority, discriminated against plaintiff based on national origin, in violation of plaintiff's right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution.

## FOURTH CLAIM FOR RELIEF

### (Malicious Prosecution Claim Under 42 U.S.C. § 1983)

45. Plaintiff repeats and realleges paragraphs "1" through "44" with the same force and effect as if they were fully set forth herein.

46. Defendants, acting in concert and within the scope of their authority, caused plaintiff to be prosecuted with malice and without probable cause -- a prosecution that terminated in plaintiff's favor -- in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## FIFTH CLAIM FOR RELIEF

### (Violation of Right to Fair Trial Claim Under 42 U.S.C. § 1983)

47. Plaintiff repeats and realleges paragraphs "1" through "46" with the same force and effect as if they were fully set forth herein.

48. Defendants fabricated evidence and created false information likely to influence a jury's decision and forwarded that evidence and information to prosecutors, in violation of plaintiff's right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

## SIXTH CLAIM FOR RELIEF

### (First Amendment Retaliation Claim Under 42 U.S.C. § 1983)

49. Plaintiff repeats and realleges paragraphs "1" through "48" with the same force and effect as if they were fully set forth herein.

50. Defendants, acting in concert and within the scope of their authority, retaliated against plaintiff for verbally protesting his arrest, in violation of plaintiff's right to freedom of speech under the First and Fourteenth Amendments to the United States Constitution.

## SEVENTH CLAIM FOR RELIEF

### (Failure to Intervene Claim Under 42 U.S.C. § 1983)

51. Plaintiff repeats and realleges paragraphs "1" through "50" with the same force and effect as if they were fully set forth herein.

52. Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, in violation of plaintiff's rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

### Supplemental State Law Claims

53. Plaintiff repeats and realleges paragraphs "1" through "52" with the same force and effect as if they were fully set forth herein.

54. Within ninety (90) days after plaintiff's claims herein arose, plaintiff duly served upon, presented to, and filed with the City of New York a Notice of Claim setting forth all facts and information required under New York General Municipal Law § 50-e.

55. More than thirty (30) days have elapsed since the presentation of plaintiff's claims to the City of New York. The City of New York has wholly neglected or refused to make an adjustment or payment thereof.

56. This action was commenced within one (1) year and ninety (90) days after the claims accrued.

57. Plaintiff has complied with all conditions precedent to maintaining the instant action.

### EIGHTH CLAIM FOR RELIEF

### (False Arrest Under New York Law)

58. Plaintiff repeats and realleges paragraphs "1" through "57" with the same force and effect as if they were fully set forth herein.

59. Defendants, acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause to believe that plaintiff had committed any crime or offense, and without any warrant or authority to do so.

### NINTH CLAIM FOR RELIEF

### (Assault Under New York Law)

60. Plaintiff repeats and realleges paragraphs "1" through "59" with the same force and effect as if they were fully set forth herein.

61. Defendants, acting in concert and within the scope of their authority, placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

### TENTH CLAIM FOR RELIEF

### (Battery Under New York Law)

62. Plaintiff repeats and realleges paragraphs "1" through "61" with the same force and effect as if they were fully set forth herein.

63. Defendants, acting in concert and within the scope of their authority, made offensive contact with plaintiff without privilege or consent.

## ELEVENTH CLAIM FOR RELIEF

### (Equal Protection Claim Under New York Law)

64.     Plaintiff repeats and realleges paragraphs "1" through "63" with the same force and effect as if they were fully set forth herein.

65.     Defendants, acting in concert and within the scope of their authority, discriminated against plaintiff based on national origin, in violation of plaintiff's right to equal protection of the laws under Article 1, Section 11 of the New York State Constitution.

## TWELFTH CLAIM FOR RELIEF

### (Malicious Prosecution Under New York Law)

66.     Plaintiff repeats and realleges paragraphs "1" through "65" with the same force and effect as if they were fully set forth herein.

67.     Defendants, acting in concert and within the scope of their authority, caused plaintiff to be prosecuted with malice and without probable cause -- a prosecution that terminated in plaintiff's favor.

## THIRTEENTH CLAIM FOR RELIEF

### (Free Speech Claim Under New York Law)

68.     Plaintiff repeats and realleges paragraphs "1" through "67" with the same force and effect as if they were fully set forth herein.

69.     Defendants, acting in concert and within the scope of their authority, retaliated against plaintiff for protesting police misconduct, in violation of plaintiff's right to freedom of speech under Article 1, Section 8 of the New York State Constitution.

## FOURTEENTH CLAIM FOR RELIEF

### (*Respondeat Superior* Liability Under New York Law)

70.     Plaintiff repeats and realleges paragraphs "1" through "69" with the same force and

effect as if they were fully set forth herein.

71. The City is vicariously liable for the acts of their employees and agents who were on duty and acting in the scope of their employment when they engaged in the above unlawful conduct.

### FIFTEENTH CLAIM FOR RELIEF

**(Negligent Screening, Hiring, and Retention Under New York Law)**

72. Plaintiff repeats and realleges paragraphs 1 through "71" with the same force and effect as if they were fully set forth herein.

73. The City failed to use reasonable care in the screening, hiring, and retention of the NYPD employees who participated in the above unlawful conduct.

### SIXTEENTH CLAIM FOR RELIEF

**(Negligent Training and Supervision Under New York Law)**

74. Plaintiff repeats and realleges paragraphs 1 through "73" with the same force and effect as if they were fully set forth herein.

75. The City failed to use reasonable care in the training and supervision of the NYPD employees who participated in the above unlawful conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff demands the following relief jointly and severally against all the defendants:

(A) Compensatory damages in an amount to be determined at trial;

(B) Punitive damages in an amount to be determined at trial;

(C) Reasonable attorney's fees and costs of this litigation; and

(D) Such other relief as this Court deems just and proper.

Dated: Brooklyn, New York
November 10, 2014

                                              Respectfully submitted,

                                              _____/s/_____
                                              ROBERT T. PERRY (RP-1199)
                                              45 Main Street, Suite 230
                                              Brooklyn, New York 11201
                                              (212) 219-9410
                                              *Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TARIK GORFTI,

                               Plaintiff,

      -against-

THE CITY OF NEW YORK; ORQUUIDE           14 Civ. 5049 (PAC) (RLE)
GENAO; MARIANELLA LARA; WILLINGTON
FELIZ; and JOHN/JANE DOES, Nos. 1-10
(members of the New York City Police Department
whose names are presently unknown to plaintiff),

                             Defendants.
------------------------------------------------------------------x

## FIRST AMENDED COMPLAINT

ROBERT T. PERRY
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*